UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

JPMORGAN CHASE BANK, N.A.,                          :

                                                    :    Civil Action No.

                        Plaintiff,                  :

        -against-                                   :

ENGINEERED BUILDING PRODUCTS, INC.,                 :    **INTERPLEADER**
ASCAPE LANDSCAPE  AND CONSTRUCTION                       **COMPLAINT**
CORP., ALL ELECTRIC CONSTRUCTION AND                :    (28 U.S.C. §1335)
COMMUNICATION, LLC, TRI-STAR BUILDING
CORP., AMEC COMMERCIAL, LLC,                        :
INNOVATIVE STRUCTURAL GLASS, INC.,
KURITZKY GLASS CO., INC., CONNECTICUT               :
MASON CONTRACTORS, INC., ZODIAC
INDUSTRIES, INC., ITILE GROUP, INC.,                :
PREMIUM DECORATING, LLC, ELITE
INTERIORS SYSTEMS, INC., BARRETT INC.,              :
ALCAIDE INC., d/b/a A&J CONSTRUCTION,
UNITED METALS & GLASS, INC., and                    :
FRANCHISE CONTRACTORS, LLC,
                                                    :

                        Defendants.                 :

--------------------------------------------------------------x

        Plaintiff JPMorgan Chase Bank, N.A. ("JPMC"), by its attorneys, Satterlee

Stephens Burke & Burke LLP, as and for its interpleader complaint against the above defendants

pursuant to 28 U.S.C. §1335 alleges as follows:

### INTRODUCTION

        1.      JPMC entered into an agreement with defendant Franchise Contractors,

LLC ("Franchise"), to act as general contractor for the construction of a bank branch in

Greenwich, Connecticut.    Franchise directly engaged subcontractors to provide various

construction services for the branch but failed to pay some subcontractors.  Indeed, twelve

subcontractors have filed mechanic's liens against the property and five of them have filed suit to foreclose on their liens.

2.    JPMC is a mere stakeholder with regard to the funds remaining on its general contractor agreement with Franchise and is commencing this interpleader action in order to avoid multiple liability and the risk of inconsistent rulings.

## PARTIES

3.    JPMC is a national banking association with its main office, as set forth in its articles of association, at 1111 Polaris Parkway, Columbus, Ohio 43271.

4.    On information and belief, Engineered Building Products, Inc., is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at 18 Southwood Drive, Bloomfield, Connecticut 06002.

5.    On information and belief, Ascape Landscape and Construction Corp. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 634 NY 303, Blauvelt, New York 10913.

6.    On information and belief, All Electric Construction and Communication, LLC, is a limited liability company organized and existing under the laws of the State of Connecticut, with its principal place of business at 190 Buckingham Avenue, Milford, Connecticut 06460.

7.    On information and belief, Tri-Star Building Corp. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 150 Sunnyside Avenue, Pleasantville, New York 10570.

2

8.    On information and belief, AMEC Commercial LLC is a limited liability company organized and existing under the laws of the State of Connecticut, with its principal place of business at 145 Main Street, Norwalk, Connecticut 06851.

9.    On information and belief, Innovative Structural Glass, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business at 4220 Pierce Drive, Three Rivers, California 93271.

10.    On information and belief, Kuritzky Glass Co., Inc., is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 487 Lexington Avenue, Mount Kisco, New York 10549.

11.    On information and belief, Connecticut Mason Contractors, Inc. is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at 191 Franklin Avenue, Hartford, Connecticut 06114.

12.    On information and belief, Zodiac Industries, Inc., is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1 Martin Place, Port Chester, New York 10573.

13.    On information and belief, Itile Group, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 2147 Allan Avenue, Yorktown Heights, New York 10598.

14.    On information and belief, Premium Decorating, LLC, is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 115 Cherry Tree Farm Road, Middletown, New Jersey 07748.

2333711_4

15.    On information and belief, Elite Interiors Systems, Inc., is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 70 Alexander Avenue, Bronx, New York 10454.

16.    On information and belief, Barrett Inc. is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at 106 Mill Plain Road, Danbury, Connecticut 06811.

17.    On information and belief, Alcaide, Inc., d/b/a A&J Construction, is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at 150 Laurel Hill Road, Brookfield, Connecticut 06804.

18.    On information and belief, United Metals and Glass, Inc., is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 106 South State Street, Hackensack, New Jersey 07601.

19.    On information and belief, Franchise is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 45 Knollwood Road, Elmsford, New York 10523.

## JURISDICTION AND VENUE

20.    The Court has original jurisdiction over this interpleader action pursuant to 28 U.S.C. §1335(a)(1) because there is diversity of citizenship between at least two or more claimants and because, as more fully explained below, each defendant named herein is asserting or may assert an adverse claim to funds in excess of $500 being held by JPMC as a stakeholder.

21.    The Court has jurisdiction over this interpleader action pursuant to 28 U.S.C. §1335(a)(2) because after the filing of this complaint JPMC is prepared to deposit the full amount in dispute into the Registry of this Court.

4

22.     Venue is proper pursuant to 28 U.S.C. §1397 because at least one of the defendants resides in this district.   Pursuant to Local Rule 18(a)(iii), this action should be assigned to White Plains because the claim arose outside this district and six of the defendants reside in the Northern Counties (Westchester and Rockland).

## NATURE OF THE ADVERSE CLAIMS

23.     On or about August 16, 2013 JPMC entered into a general contractor agreement with defendant Franchise in the amount of $5,876,652.01, including all approved change orders, for the construction of a bank branch at 111 West Putnam Avenue in Greenwich, Connecticut (the "Greenwich Project").   JPMC leases the property on which the Greenwich project is located from the owner, 111 WP Greenwich Associates LLC.

24.     The claimant-defendants are subcontractors hired by Franchise to complete the bank construction project on the Greenwich property.

25.     The general contractor agreement provided that JPMC would make progress payments to Franchise, which Franchise would use to pay subcontractors hired to perform work and supply materials to the bank project.   Franchise was required to submit an application for each progress payment, certifying that the work covered by previous applications had been completed and paid for.

26.     By January 2015, JPMC had paid Franchise $5,095,944.90 of the total contract amount of $5,876,652.01.   Thereafter, JPMC learned that Franchise was not paying its subcontractors, and that several subcontractors had filed mechanic's liens against the Greenwich property.   Franchise's failure to use progress payments received by JPMC to pay subcontractors constituted a breach of the general contractor agreement.   Additionally, the general contractor

agreement required Franchise to remove all liens filed against the property within 60 days, which Franchise failed to do, which also constituted a breach of the contractor agreement.

27.    Indeed, between January and June 2015, twelve subcontractors filed liens against the Greenwich property, for a total of $831,588.60, and four other subcontractors contacted JPMC demanding payment of a total of $266,382.84 which they claimed they were owed under their contracts with Franchise.  Altogether, Franchise reports that its subcontractors claim they have not been paid an aggregate amount of $1,268,717.85.

28.    Five of Franchise's subcontractors have filed complaints in Connecticut Superior Court seeking to foreclose on their liens, and a sixth has filed an action against JPMC claiming that JPMC's retention of amounts due Franchise constitutes unjust enrichment.

29.    Under the lien laws of both New York and Connecticut, JPMC cannot be responsible for more than the amount due and owing to Franchise under the terms of the general contractor agreement.  As the competing claims by the defendants exceed the amount due and owing under the general contractor agreement, defendants' claims are adverse and conflicting.

30.    Here, the maximum amount unpaid under the general contractor agreement is $780,707.11, which includes retainage as provided in the general contractor agreement.  However, JPMC is entitled to reductions totaling $493,580.00 for Franchise's use of substituted systems costing less than the systems specified in the original contract.  These substituted system credits reduce the amount available for distribution (i.e., the "stake") to $287,127.11.

## CLAIM FOR INTERPLEADER RELIEF

31.    JPMC repeats and realleges each and every allegation in paragraphs 1 through 30 above as if fully set forth herein.

6

2333711_4

32.     Plaintiff JPMC is a disinterested stakeholder seeking the Court's direction by way of interpleader as to the respective defendants' claimed rights to the stake, the amount remaining unpaid under JPMC's general contractor agreement with Franchise, which as set forth above is $287,127.11.

33.     JPMC has no interest in the stake (except to recover the costs of this action and its reasonable attorney's fees) and is fully prepared to deposit the stake in the Registry of this Court for disbursement in accordance with the Court's judgment.

34.     Unless the adverse and conflicting claims to the stake are resolved in a single proceeding pursuant to an appropriate order or judgment of this Court, JPMC will be exposed to the risk of multiple liability and inconsistent rulings as to its potential liability in connection with multiple litigations already filed and likely to be filed by subcontractors hired by Franchise to work on the Greenwich project.

WHEREFORE, plaintiff JPMC respectfully demands judgment:

(1)     Directing, pursuant to 28 U.S.C. § 2361, service of this complaint for interpleader on the above-captioned defendants through the United States Marshal's Office in this district and the respective districts where each of the defendants resides or may be found;

(2)     Permanently restraining and enjoining each of the defendants from instituting or maintaining any action or proceeding in any state or federal court in connection with the Greenwich Project, including actions currently pending in the Stamford and Danbury Judicial Districts of the Superior Court of the State of Connecticut;

(3)     Requiring the defendants to interplead together concerning their claims to the $287,127.11 stake;

(4)    Upon payment of the $287,127.11 stake into the Registry of this Court, discharging JPMC from any further liability to defendants relating to services or material supplied in connection with the Greenwich Project;

(5)    Awarding JPMC its costs, disbursements and reasonable attorney's fees necessitated by this interpleader action, which shall be deducted from any payments directed in the final judgment herein; and

(6)    Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
        November 17, 2015

SATTERLEE STEPHENS BURKE & BURKE LLP

By:_____
        Christopher R. Belmonte
        Joan L. Rosenstock
230 Park Avenue
New York, New York 10169
(212) 818-9200
*Attorneys for Interpleader Plaintiff JPMorgan Chase Bank, N.A.*

2333711_4